UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. BRUZZONE,<br>Plaintiff,<br>v.<br>JAMES MCMANIS, et al.,<br>Defendants. | Case No. 18-cv-01235-PJH<br><br>**ORDER DISMISSING CLAIMS AGAINST INTEL AND ORDER TO SHOW CAUSE WHY CLAIMS AGAINST JUDGE ALSUP SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. No. 18 |

## BACKGROUND

Plaintiff Bruzzone is subject to a pre-filing order filed on August 19, 2014 in Case No. 14-01279-WHA, based on his filing a series of lawsuits against Intel Corporation and its employees. Bruzzone v. Intel Corporation, Case No. 14-cv-01279-WHA (N.D. Cal., filed March 19, 2014), Dkt. 88.

Plaintiff's original complaint in this action named as defendants James McManis, William Faulkner, and Judge William Alsup. Dkt. 2. None of the three defendants technically fall under the scope of the 2014 pre-filing order. When plaintiff submitted his original complaint for pre-filing review, Judge Alsup noted that although it echoed plaintiff's "previous attempts to sue Intel," the complaint was "deliberately drawn to name as defendants only James McManis and William Faulkner—attorneys who previously represented Intel—as well as [Judge Alsup]." Order Re Pre-Filing Review at 1, Bruzzone v. McManis, Case No. 18-mc-80005-WHA (N.D. Cal., filed Jan. 4, 2018), Dkt. 9. Judge Alsup opined that the "pre-filing order can no longer keep pace with Bruzzone's tireless crusade of frivolous lawsuits" and allowed the original complaint in this case to be filed

1 "[o]ut of an abundance of caution" because it did not specifically name Intel as a defendant. Id. at 2.

On April 3, 2018, plaintiff amended his complaint in this action to add Intel Corporation as a named defendant. Dkt. 18. It seems plaintiff has attempted to end-run the pre-filing order by amending his complaint to add a party that would trigger pre-filing review only after the initial complaint successfully avoided that review. But plaintiff cannot render the court's pre-filing order nugatory with such gamesmanship. As such, this court will conduct pre-filing review with respect to plaintiff's claims against Intel in accordance with the August 19, 2014 pre-filing order.

**DISCUSSION**

**A.    Complaint Against Intel**

The court has reviewed plaintiff Bruzzone's new complaint (Dkts. 1 & 18), and finds its contents are frivolous or duplicative of past filings in plaintiff's prolonged series of complaints against Intel. Having reviewed plaintiff's proposed complaint, the court concludes that it does not state a potentially cognizable claim against Intel.

**B.    Complaint Against Judge Alsup**

Next, the court reviews sua sponte plaintiff's claims against Judge Alsup to determine whether any could plausibly state a claim upon which relief can be granted. Bruzzone seeks damages allegedly resulting from a court order indicating that Bruzzone was not a "relator," where Bruzzone was acting pro se and the United States was not a party to the action. See Dkt. 2; Bruzzone, Case No. 14-cv-01279-WHA, Dkt. 88. Bruzzone alleges various damages resulting from language in Judge Alsup's order concerning Bruzzone's status as a "relator."

**1.    Legal Standard**

**a.    Sua Sponte Dismissal Under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). Under the minimal notice pleading requirements of Federal Rule of Civil Procedure 8,

2

which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court must accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679. Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

The Ninth Circuit has "recognized that '[a] trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).'" Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (quoting Omar v. Sea–Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987)). The district court "must give notice of its sua sponte intention to dismiss and provide the plaintiff with 'an opportunity to at least submit a written memorandum in opposition to such motion.'" Id. (quoting Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)). However, a court may properly dismiss an action sua sponte without giving a plaintiff notice of its intention to dismiss and an opportunity to respond if a plaintiff "cannot possibly win relief." Sparling v. Hoffman Construction Co., 864 F.2d 635, 638 (9th Cir. 1988); Omar, 813 F.2d at 991; Wong, 642 F.2d at 362.

3

### b. Judicial Immunity

Judges are absolutely immune from civil suits for damages. E.g., Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Bradley v. Fisher, 13 Wall. 335 (1872); Randall v. Brigham, 7 Wall. 523 (1869). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

"Though judicial prerogative is broad, two rules circumscribe it. First, the immunity covers only those acts which are 'judicial' in nature." O'Neil v. City of Lake Oswego, 642 F.2d 367, 369 (9th Cir. 1981) (quoting Stump, 435 U.S. at 360–64) (citations and internal quotation marks omitted). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362.

"Second, a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he acted in the 'clear absence of all jurisdiction.'" O'Neil, 642 F.2d at 369 (quoting Stump, 435 U.S. at 360–64) (citations and internal quotation marks omitted); accord Mireles, 502 U.S. at 11–12. The Stump court explained the difference between a judge exceeding jurisdiction and one lacking all jurisdiction: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." 435 U.S. at 370 n.7 (citation omitted).

"Moreover, allegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986). Even "a

1 conspiracy between judge and prosecutor to predetermine the outcome of a judicial
2 proceeding, while clearly improper, nevertheless does not pierce the immunity extended
3 to judges and prosecutors. As long as the judge's ultimate acts are judicial actions taken
4 within the court's subject matter jurisdiction, immunity applies." Id.

### 2. Analysis

First, Judge Alsup was clearly executing a judicial act normally performed by a judge to the expectations of the parties. Bruzzone's alleged damages derive from an order granting Intel's motion to declare Bruzzone a vexatious litigant. Intel's motion was filed in a Northern District of California action initiated by Bruzzone against Intel and others. Bruzzone, Case No. 14-cv-01279-WHA, Dkt. 1. Bruzzone filed an opposition to Intel's motion, and Intel filed a reply. Id., Dkts. 81, 82. The court heard oral argument on the motion on August 14, 2014, although Bruzzone did not appear. Id., Dkt. 85. These regular, judicial proceedings and the form of the order evidence that Judge Alsup heard, decided, and resolved the dispute upon which Bruzzone's complaint is based in his official judicial capacity.

Second, the vexatious litigant order requiring pre-filing review was within the court's jurisdiction. See Ringgold-Lockhart v. Cty. of Los Angeles, 761 F.3d 1057, 1060 (9th Cir. 2014); De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990).

Because Judge Alsup would be totally immune from any plausible claim alleged by Bruzzone's complaint, Bruzzone cannot possibly win relief and the complaint does not state a claim upon which relief can be granted.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION**

For the reasons stated above, plaintiff's claims against Intel are DISMISSED with prejudice. Although plaintiff cannot possibly win relief against Judge Alsup, out of an abundance of caution plaintiff is ORDERED TO SHOW CAUSE why his claims against Judge William Alsup should not be dismissed with prejudice in light of the analysis presented in this order. Plaintiff shall file his response, if any, within 21 days from the date of this order.

**IT IS SO ORDERED.**

Dated: April 10, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge