UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. BRUZZONE,<br>　　Plaintiff,<br>　　v.<br>JAMES MCMANIS, et al.,<br>　　Defendants. | Case No. 18-cv-01235-PJH<br><br>**ORDER DISMISSING ACTION AND IMPOSING PRE-FILING REVIEW REQUIREMENTS ON CERTAIN FUTURE ACTIONS FILED BY MICHAEL BRUZZONE**<br><br>Re: Dkt. Nos. 17, 22, 49, 52 |

Before the court are defendants William Faulkner and James McManis's motion to declare plaintiff Michael Bruzzone a vexatious litigant (Dkt. 17), Faulkner and McManis's motion to dismiss the complaint (Dkt. 22), defendant Judge William Alsup's motion to dismiss the complaint (Dkt. 52), Bruzzone's motion for an order of service on Judge Alsup (Dkt. 49), and Bruzzone's response to this court's order to show cause why the claims against Judge Alsup should not be dismissed (Dkt. 29). The matters are fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

### A. Bruzzone's Other Litigation

Bruzzone has a long history litigating the facts giving rise to this action. He has filed several actions against Intel Corporation ("Intel"), its employees, its agents, its attorneys, and more recently judges that have presided over those actions. See Bruzzone v. Intel Corp., et al., Case No. 14-cv-01279-WHA, Dkt. 88 (Aug. 19, 2014 Order

1  Granting Intel's Motion to Declare Michael Bruzzone a Vexatious Litigant); see also, e.g.,
2  Bruzzone v. Intel Corp., et al., Case No. 18-cv-00865-KJM-DB (S.D. Cal. April 10, 2018);
3  Bruzzone v. Alsup, Case No. 17-cv-04558-JD (N.D. Cal. Aug 8, 2017); Bruzzone v. Intel
4  Corp., et al., Case No. 16-mc-80233-WHA (N.D. Cal. Oct. 31, 2016); Bruzzone v. Intel
5  Corp. Legal Dept., et al., Case No. 16-mc-80126-JST (N.D. Cal. June 13, 2016) (filed
6  against Intel, Judge Alsup, and Judge Seeborg); Bruzzone v. Intel Corp. Legal Dept., et
7  al., Case No. 16-mc-80111-EMC (N.D. Cal. May 19, 2016) (filed against Intel, Faulkner,
8  McManis, and Judge Alsup); Bruzzone v. Intel Corp., et al., Case No. 13-cv-03729-WHA
9  (N.D. Cal. Aug. 12, 2013); Bruzzone v. Intel Corp., Case No. 11-cv-213829 (Santa Clara
10 Sup. Ct. Nov. 29, 2011); Sealed Matters, Case Nos. 09-cv-00679-WHA (N.D. Cal. Feb.
11 17, 2009), 08-cv-04169-WHA (N.D. Cal. Sept. 3, 2008); Bruzzone v. Intel Corp., et al.,
12 Case No. 99-cv-779409 (Santa Clara Sup. Ct. Jan. 20, 1999).

13     Bruzzone's more recent actions trace back to the resolution of an action he filed in
14 August 2013 as a qui tam complaint against Intel and others. See Case No. 13-cv-
15 03729-WHA, Dkt. 1. The United States declined to intervene in that matter and
16 consented to its dismissal. Case No. 13-cv-03729-WHA, Dkts. 20 & 22. The action was
17 dismissed on February 27, 2014, in part because the court refused to allow Bruzzone to
18 proceed with a qui tam case in pro per. Case No. 13-cv-03729-WHA, Dkt. 31.

19     Bruzzone subsequently filed a different pro se action alleging similar claims, again
20 against Intel (among others), again referring to himself as a "relator," although the United
21 States was "in no way involved with" the action. See Case No. 14-cv-01279-WHA,
22 Dkts. 1 & 51. On May 21, 2014, the court entered an order striking that complaint. The
23 court found that Bruzzone's complaint erroneously referred to Bruzzone as a "relator" and
24 to the action as a "qui tam" and False Claims Act action. Case No. 14-cv-01279-WHA,
25 Dkt. 51 at 2–3. The court ordered Bruzzone to file an amended complaint by June 4,
26 2014, omitting those references and the implication that Bruzzone was acting on behalf of
27 the United States. Case No. 14-cv-01279-WHA, Dkt. 51. On June 28, 2014, the case
28 was dismissed because Bruzzone failed to file an amended complaint by the deadline for

doing so. Case No. 14-cv-01279-WHA, Dkt. 72.

Judge Alsup subsequently granted Intel's motion to declare Bruzzone a vexatious litigant and ordered pre-filing review of any pro se complaint he filed in this district "against Intel Corporation, its current employees, its former employees, Evangelina Almirantearena, Steve Lund, Harley Stock, and/or Andrew Grove." Case No. 14-cv-01279-WHA, Dkt. 88 at 13. In issuing that order, Judge Alsup found that Bruzzone had a "personal vendetta" against Intel and that "[n]one of Mr. Bruzzone's actions in federal and state court has survived the pleading stage." Id. at 10–11.

Over the last two years, Bruzzone has filed additional pro se cases naming Intel, Judge Alsup, James McManis, and William Faulkner—among others—as defendants. In his actions against Intel's attorneys, Bruzzone appears to allege that McManis and Faulkner engaged in wrongful conduct pursuant to their representation of Intel. The complaints purport to allege conspiracy, fraud, defamation, and numerous statutory and constitutional violations. All the complaints relate to alleged conduct involving Intel in some fashion.

On August 8, 2017, Bruzzone filed another action against Judge Alsup, alleging harm based on the court's orders in the above-described cases. See Case No. 17-cv-04558-JD. The allegations in that case are indistinguishable from Bruzzone's complaint against Judge Alsup in this action. On August 17, 2018, Judge Donato dismissed that case with prejudice, finding that Judge Alsup is judicially immune from the suit. Case No. 17-cv-04558-JD, Dkts. 32 and 33.

**B. History of This Action**

In his pro se complaint originating this action—filed February 26, 2018—Bruzzone contested orders issued by Judge Alsup pursuant to his official role presiding over Case No. 3:14-cv-01279-WHA. Judge Alsup entered an order declaring Bruzzone a vexatious litigant with respect to Intel and certain other defendants while adjudicating that action, and the matter was ultimately dismissed. Plaintiff complained that Judge Alsup is biased and prejudiced against him, that he acted outside the scope of his jurisdiction, and that

3

1  statements in Judge Alsup's orders were incorrect and libelous.  Plaintiff's original

2  complaint also asserted claims against James McManis and William Faulkner, two

3  attorneys who have represented Intel in previous actions.

4  Bruzzone is subject to a pre-filing order based on his filing a series of lawsuits

5  against Intel Corporation and its employees, as explained above.  Case No. 14-cv-01279-

6  WHA, Dkt. 88.  Plaintiff's original complaint in this action named as defendants James

7  McManis, William Faulkner, and Judge William Alsup.  Dkt. 2.  None of those three

8  defendants technically fall under the scope of the 2014 pre-filing order.  When plaintiff

9  submitted his original complaint for pre-filing review, Judge Alsup noted that although it

10  echoed plaintiff's "previous attempts to sue Intel," the complaint was "deliberately drawn

11  to name as defendants only James McManis and William Faulkner—attorneys who

12  previously represented Intel—as well as [Judge Alsup]."  Bruzzone v. McManis, Case

13  No. 18-mc-80005-WHA (N.D. Cal., Jan. 4, 2018), Dkt. 9.  Judge Alsup opined that the

14  "pre-filing order can no longer keep pace with Bruzzone's tireless crusade of frivolous

15  lawsuits" and allowed the original complaint in this case to be filed "[o]ut of an abundance

16  of caution" because it did not specifically name Intel as a defendant.  Id. at 2.  This action

17  indeed echoes the same basic allegations against Intel as many of Bruzzone's prior suits.

18  On April 3, 2018, plaintiff amended his complaint in this action and named Intel

19  Corporation as a defendant.  Dkt. 18 ("FAC").  The FAC is a single page and purports to

20  "amend" the "original complaint" "solely . . . in relation to Intel Corporation" and its

21  "employee's vicarious attorney's schemes [sic][.]"  Id. at 2.  The FAC then provides two

22  paragraphs relating to allegations against Intel Corporation.  Id.

23  This court conducted pre-filing review with respect to plaintiff's claims against Intel

24  in accordance with the August 19, 2014 pre-filing order and dismissed Intel from the

25  action.  Dkt. 20.  The court also ordered Bruzzone to show cause why Judge Alsup

26  should not be dismissed given that "Judge Alsup would be totally immune from any

27  plausible claim alleged by Bruzzone's complaint, [such that] Bruzzone cannot possibly

28  win relief and the complaint does not state a claim upon which relief can be granted."  Id.

1  at 5. Bruzzone timely responded to the order to show cause. Dkt. 29.

2  On April 3, 2018, Faulkner and McManis moved the court to declare Bruzzone a vexatious litigant. Dkt. 17. Bruzzone opposed the motion on April 16, 2018, and again on June 5, 2018. Dkts. 25 & 47. On April 12, 2018, Faulkner and McManis moved to dismiss the entire action. Dkt. 22. Bruzzone filed oppositions to the motion on April 16, 2018, May 15, 2018, and June 5, 2018. Dkts. 25, 38, 47. On June 21, 2018, Bruzzone asked this court to order the United States Marshall to serve Judge Alsup with the complaint in this action. Dkt. 49. Finally, Judge Alsup moved to dismiss the claims against him on August 20, 2018. Dkt. 52.

**DISCUSSION**

There are three active defendants in this action and pending motions to dismiss the complaint with respect to each—Judge Alsup, Faulkner, and McManis. Faulkner and McManis also have a pending motion to declare Bruzzone a vexatious litigant. The court first addresses whether Judge Alsup should be dismissed from the action. Second, the court assesses whether Bruzzone's claims against Faulkner and McManis should be dismissed. Finally, the court considers Faulkner and McManis's motion to declare Bruzzone a vexatious litigant.

**A.   Judge Alsup**

   **1.   Judicial Immunity**

Judges are absolutely immune from civil suits for damages. E.g., Stump v. Sparkman, 435 U.S. 349 (1978). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

"Though judicial prerogative is broad, two rules circumscribe it. First, the immunity covers only those acts which are 'judicial' in nature." O'Neil v. City of Lake Oswego, 642 F.2d 367, 369 (9th Cir. 1981) (quoting Stump, 435 U.S. at 360–64) (citations and internal quotation marks omitted). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally

5

performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. "Second, a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he acted in the 'clear absence of all jurisdiction.'" O'Neil, 642 F.2d at 369 (quoting Stump, 435 U.S. at 360–64) (citations and internal quotation marks omitted). "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

Bruzzone responded to this court's order to show cause why Judge Alsup should not be dismissed primarily by pointing to six alleged "falsities" Judge Alsup published, each of which can be found only in published orders adjudicating disputes—that is to say, acts normally performed by a judge that are "judicial" in nature. See Dkt. 29 at 6. Bruzzone's reply largely reiterated the facts alleged and arguments made in his various complaints and numerous other filings, and it confirmed that Judge Alsup should be dismissed from this action due to his total immunity. Bruzzone argues that Judge Alsup's orders were insufficiently-reasoned, incorrect in outcome, and based on materially-false facts. None of those arguments are sufficient to overcome judicial immunity.

Bruzzone does not seek damages from Judge Alsup, but wants to correct "case records" including "Judge Alsup's own ORDERS that harm Mr. Bruzzone[.]" Dkt. 29 at 17. He argues that Judge Alsup's orders were "not adjudicative but ministerial," so Judge Alsup did not have jurisdiction over the action. Id. At the core of his argument, Bruzzone claims that he "is not an employee of the court or a report of Judge Alsup. Judge Alsup has no official qualification to negate, fire, dismiss, replace, [or] suspend Bruzzone" as a relator. Id. at 25. Bruzzone argues that Judge Alsup acted outside of his judicial function and jurisdiction when he acted to "dismiss, negate, fire the relator" because only the United States Attorney's office can decide whether Bruzzone can be a relator to an action litigated by the United States. Id.; see also Dkt. 53 at 12, 20–25.

Although it is on the whole difficult to make sense of Bruzzone's filings, it appears

1  that his complaint may be based on a misunderstanding. Judge Alsup's orders
2  concerned the disputes that were before him as a judicial officer, and those orders
3  explained facts about the cases that were before the court. Bruzzone does not identify—
4  and the court cannot find—any action by Judge Alsup preventing the United States from
5  joining any action with Bruzzone if it chose to, or preventing Bruzzone from being a
6  "relator" at any point in the future. Rather, Judge Alsup was merely reporting the fact that
7  Bruzzone was not a "relator" in the particular cases that were before him.

8  To the extent Bruzzone seeks to be a "relator" in any future action, his recourse
9  might lie with the United States Attorney. To the extent Bruzzone seeks to overturn
10 Judge Alsup's prior orders because they are based on an incorrect recitation of facts,
11 misapply the law, or are otherwise erroneous, his recourse lies with an appeal to the
12 Ninth Circuit Court of Appeals. In either case, Judge Alsup is totally immune from
13 Bruzzone's allegations in this action.

### 2. Collateral Estoppel

15 Bruzzone filed a different complaint against Judge Alsup in this district on August
16 8, 2017. See Case No. 17-04558-JD, Dkt. 1. That case was pending concurrently with
17 the present action from at least July 12, 2018 until August 17, 2018, when judgment was
18 entered. Case No. 17-04558-JD, Dkts. 24–25, 32–33. Somehow, no party to this case
19 made the court aware of that action until August 20, 2018. See Dkt. 52 at 2 n.1. Local
20 Rule 3-13(a) requires each party to "promptly" file a notice of pendency of other action or
21 proceeding "whenever" it "knows or learns that an action filed or removed to this district
22 involves all or a material part of the same subject matter and all or substantially all of the
23 same parties as another action which is pending in any other federal or state court[.]"
24 Civ. L.R. 3-13(a). The government argues that Case No. 17-04558-JD is so similar to the
25 present action that the resolution of that case bars Bruzzone's claims against Judge
26 Alsup in this action, yet no party ever filed a notice of pendency of other action or
27 proceeding in this action. The parties' failures to abide by Local Rule 3-13 have caused
28 needless, avoidable duplication of the court's resources.

7

Collateral estoppel (or issue preclusion) "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (internal quotation marks omitted). Issue preclusion is analyzed under "a three-prong test, asking if (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom issue preclusion is asserted was a party or in privity with a party at the first proceeding." Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 858 n.8 (9th Cir. 2016) (internal quotation marks omitted).

First, plaintiff's allegations against Judge Alsup in both cases are nearly identical. In both actions, Bruzzone challenged orders Judge Alsup issued in his capacity as a judge, including orders that described "Bruzzone as 'not [a] relator'" for purposes of the False Claims Act. See Case No. 17-04558-JD, Dkt. 1 at 5–7, 10–12. As in this action, Bruzzone also challenged Judge Alsup's August 2014 decision to declare plaintiff a vexatious litigant. Id. at 7, 11–12.

Second, Case No. 17-04558-JD ended with a final proceeding on the merits. District Judge James Donato dismissed the case with prejudice and entered judgment, finding that "Bruzzone's lawsuit is barred by judicial immunity because he challenges only actions taken by a judge within the scope of his judicial service." Case No. 17-04558-JD, Dkt. 32. Bruzzone argues that the case was not finally decided because he did not consent to magistrate judge jurisdiction and because a previous order issued by Magistrate Judge Ryu was vacated. But Judge Donato is a district court judge, and he dismissed the case with prejudice and entered judgment.

Third, the issues in Case No. 17-04558-JD were decided against Bruzzone, who is the same party attempting to re-litigate identical issues in this action.

For the foregoing reasons, Bruzzone is collaterally estopped from bringing his claims against Judge Alsup in this action, and those claims must be DISMISSED.

## B. Faulkner and McManis

Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of claims alleged in a complaint. Ileto v. Glock, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). Federal Rule of Civil Procedure 8 requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court must accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679. Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Faulkner and McManis argue that Bruzzone fails to state any claim, that any claim Bruzzone does state is "insubstantial" so cannot support jurisdiction, and that Bruzzone's claims violate California's anti-SLAPP statute.

As an initial matter, the court notes that the FAC is the single, operative complaint in the action. It supersedes any previously-filed complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927–28 (9th Cir. 2012) ("an amended complaint supercedes the original complaint and renders it without legal effect," noting an exception "[f]or claims dismissed with prejudice and without leave to amend"); see also 6 Charles Alan Wright & Arthur R.

Miller, Federal Practice and Procedure § 1476 ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading."). Nor may an amended complaint incorporate any part of a prior pleading by reference. Civ. L.R. 10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference.").

The FAC contains a half-page of allegations solely against Intel Corporation. Dkt. 18 at 2. Although the FAC purports to incorporate the allegations and claims pled in the original complaint, amended pleadings are not permitted to incorporate prior pleadings by reference. Civ. L.R. 10-1. As such, the complaint fails to state any claim against Judge Alsup, Faulkner, or McManis, and those defendants must be DISMISSED from this action. The next question for the court to address is whether plaintiff should be granted leave to amend his complaint.

"Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). The court considers Bruzzone's original complaint, the FAC, various moving papers, oppositions, and numerous other filings[1] to assess whether amendment of his complaint to state claims against Faulkner or McManis would be futile. E.g., Dkts. 22, 25, 30, 38, 47. The court also notes that the original complaint in this action is largely duplicative of the many complaints Bruzzone has filed against Intel and various persons related to Intel, none of which has plausibly stated a claim for which relief could be granted. E.g., Bruzzone v. Intel Corp., et al., Case No. 14-cv-01279-WHA

---

[1] Bruzzone has filed several items in violation of the local rules. See, e.g., Dkts. 38, 48, 55, 57. Sur-replies or other "additional memoranda, papers or letters" may not be filed "without prior Court approval," with limited exception. Civ. L.R. 7-3(d). Bruzzone is admonished to review and comply with this district's local rules.

1  (N.D. Cal. Mar. 19, 2014); Bruzzone v. Alsup, Case No. 17-cv-04558-JD (N.D. Cal. Aug
2  8, 2017); Bruzzone v. Intel Corp. Legal Dept., et al., Case No. 16-mc-80126-JST (N.D.
3  Cal. June 13, 2016) (filed against Intel, Judge Alsup, and Judge Seeborg); Bruzzone v.
4  Intel Corp. Legal Dept., et al., Case No. 16-mc-80111-EMC (N.D. Cal. May 19, 2016)
5  (filed against Intel, Faulkner, McManis, and Judge Alsup); Bruzzone v. Intel Corp., et al.,
6  Case No. 13-cv-03729-WHA (N.D. Cal. Aug. 12, 2013); Bruzzone v. Intel Corp., Case
7  No. 11-cv-213829 (Santa Clara Sup. Ct. Nov. 29, 2011); Sealed Matters, Case Nos. 09-
8  cv-00679-WHA (N.D. Cal. Feb. 17, 2009), 08-cv-04169-WHA (N.D. Cal. Sept. 3, 2008);
9  Bruzzone v. Intel Corp., et al., Case No. 99-cv-779409 (Santa Clara Sup. Ct. Jan. 20,
10 1999). This time, rather than name Intel and its employees as defendants, Bruzzone has
11 asserted claims against Intel and its attorneys for what essentially amounts to the same
12 underlying conduct that formed the basis of Bruzzone's many previous suits. Intel has
13 already been dismissed from the action. Dkt. 20. What remains are allegations against
14 Intel's attorneys for actions they took on behalf of Intel.

15 The court finds that any attempt by Bruzzone to amend his complaint to state a
16 claim against Faulkner or McManis would be futile. Having reviewed plaintiff's filings, the
17 court concludes that he cannot state a potentially cognizable claim against Faulkner or
18 McManis.

19 To the extent Bruzzone's potential claims against Faulkner and McManis are
20 intelligible, they are implausible, and they are derivative of claims that have been
21 repeatedly dismissed for that reason. Moreover, to the extent Bruzzone seeks to assert
22 claims against Faulkner and McManis under California law based on court filings that
23 contained allegedly-defamatory statements about Bruzzone, such claims are frivolous
24 given California's anti-SLAPP law, California Code of Civil Procedure § 425.16.

**C.  Bruzzone**

26 Federal courts have the inherent power to regulate the activities of abusive
27 litigants by imposing carefully tailored restrictions under appropriate circumstances. De
28 Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). "When district courts seek to

11

impose pre-filing restrictions, they must: (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered." Ringgold-Lockhart v. Cty. of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (internal quotation marks omitted).

In this action, the court considers whether to extend the already-existing pre-filing review order governing Bruzzone's filings against Intel, its current employees, its former employees, and four other individuals to cover filings against Intel's attorneys Faulkner and McManis.

First, the litigants have had notice and an opportunity to oppose a pre-filing order. Faulkner and McManis filed their motion to declare Bruzzone a vexatious litigant on April 3, 2018. Dkt. 17. Bruzzone opposed the motion on April 16, 2018 in a 50-page filing. Dkt. 25. He filed another 69-page opposition (styled a "hearing presentation") to the motion on June 5, 2018. Dkt. 47.

Second, this order identifies all the cases and motions that led the district court to conclude that a vexatious litigant order was needed. This order also incorporates the factual record and reasoning contained in Judge Alsup's earlier vexatious-litigant order, which this order extends. Case No. 14-cv-01279-WHA, Dkt. 88.

Third, the court looks at the number and content of the filings as indicia of the frivolousness of the litigant's claims. Ringgold-Lockhart, 2014 WL 3805579, at *4. The court finds that the number of claims Bruzzone has made is inordinate and that those claims were without merit. In addition, the court finds that Bruzzone's filings show a pattern of harassment, both with respect to the named defendants and the court. Bruzzone has evidenced an intent to harass Intel and its agents, as evidenced by the repeated actions he has filed in state and federal court. All the actions have concerned similar underlying allegations about Intel and its agents. Bruzzone has filed numerous

12

1 claims against Intel, a number of individuals with various relationships to Intel, and more
2 recently judges that have adjudicated some of those actions. Yet the court is not aware
3 of any of Bruzzone's claims that has survived the pleading stage.

4 Bruzzone also routinely files materials with the court that violate numerous local rules. Plaintiff's filings are almost universally beyond their prescribed page limits and are often entirely prohibited by the local rules. Additionally, plaintiff's complaints invariably allege numerous claims haphazardly, making it exceedingly difficult for named defendants and the court to identify the bases of Bruzzone's allegations. This order extends the original pre-filing review order in finding that Bruzzone's claims are frivolous, harassing, and brought with no objective good faith expectation of prevailing. His approach is to repeatedly sue Intel, and more recently those with some relationship to his prior suits against Intel, with unclear complaints referencing an exceedingly-large number of statutes, sometimes in passing, which forces defendants to incur needless expense defending themselves in court. This is a flagrant abuse of the judicial process and has enabled Bruzzone to consume a considerable amount of time and resources from everyone involved. Accordingly, this order makes a substantive finding of harassment.

Fourth, the pre-filing order must be narrowly tailored. The original pre-filing order required Bruzzone to submit for pre-filing review any pro se complaint filed in this district "against Intel Corporation, its current employees, its former employees, Evangelina Almirantearena, Steve Lund, Harley Stock, and/or Andrew Grove." Case No. 14-cv-01279-WHA, Dkt. 88. This action, to the extent the complaint is comprehensible, echoes his previous attempts to sue Intel (and related entities and individuals). "This proposed complaint, however, has been deliberately drawn to name as defendants only James McManis and William Faulkner — attorneys who previously represented Intel — as well as [Judge Alsup]," none of which "technically fall under the scope of the 2014 pre-filing order." Case No. 18-mc-80005-WHA, Dkt. 9. "It seems that pre-filing order can no longer keep pace with Bruzzone's tireless crusade of frivolous lawsuits." Id. Keeping in mind the requirement of issuing a narrowly-tailored pre-filing review order, the court

13

expands the 2014 pre-filing order to include any of Bruzzone's future pro se claims against James McManis, William Faulkner, McManis Faulkner, its current employees, and its former employees.

**CONCLUSION**

For the foregoing reasons, Bruzzone's claims against Judge Alsup are DISMISSED with prejudice. Because Judge Alsup is not a party to this action, Bruzzone's motion for an order of service on Judge Alsup is DENIED as moot. Bruzzone's claims against Faulkner and McManis are DISMISSED with prejudice. Finally, Faulkner and McManis's motion to declare Bruzzone a vexatious litigant is GRANTED as to litigation against James McManis, William Faulkner, McManis Faulkner, its current employees, and its former employees. Plaintiff may not file any further pro se complaints against James McManis, William Faulkner, McManis Faulkner, its current employees, and/or its former employees, in addition to those previously named—Intel Corporation, its current employees, its former employees, Evangelina Almirantearena, Steve Lund, Harley Stock, and/or Andrew Grove—without obtaining prior leave from the court. Any complaint filed by Bruzzone against any of those named parties or entities shall be referred by the clerk to the general duty judge for pre-filing review.

**IT IS SO ORDERED.**

Dated: October 31, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge