UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. BRUZZONE,

    Plaintiff,

v.

JAMES MCMANIS, et al.,

    Defendants.

Case No. 18-cv-01235-PJH

**ORDER**

Re: Dkt. No. 71

Before the court is plaintiff's motion for reexamination. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for September 22, 2022, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

On October 31, 2018, this court entered judgment and terminated this case. Dkt. 59. On the same date, the court entered an order imposing pre-filing review. Dkt. 58. The court's final judgment in this case is thus nearly four (4) years old, affirmed by the Ninth Circuit, with writ of certiorari denied. See Bruzzone v. McManis, No. 18-cv-01235-PJH, 2018 WL 5734546, at (N.D. Cal. Oct. 31, 2018), aff'd, 785 F. App'x 503 (9th Cir. 2019), cert. denied, 141 S.Ct. 283. Plaintiff now moves for "reexamination" pursuant to Federal Rules of Civil Procedure 52 and 60(b)(2). Dkt. 71.

Rule 52(a) permits a party to file a motion to amend the findings or make additional findings, and to amend the judgment accordingly. But Rule 52(b) provides, "On a party's motion filed no later than 28 days after the entry of judgment, the court may

amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b).  The time to bring a motion for relief under this rule has long passed.

Federal Rule of Civil Procedure 60 also allows a party to move for relief from a judgment.  The outer deadline to file a motion under this rule based on alleged mistakes, newly discovered evidence, fraud, or misconduct is one year from the date of judgment.  Fed. R. Civ. P. 60(c)(1).  Thus, the time to bring this motion under Rule 60 has similarly passed.

Not only is plaintiff's motion untimely, but even if it were timely filed, it does not contain any new facts that would meet the requirements of Rules 52 or 60.  Therefore, the court DENIES plaintiff's motion.  The court will not entertain any motions for reconsideration of this order.

**IT IS SO ORDERED.**

Dated: September 7, 2022

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge